IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE


HARVIE BURRIS, JR.,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          No.  14-1001-JDT
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
            Defendant.             )

---

ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

---

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's

final decision denying his application for disability insurance benefits under Title II of the

Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., Plaintiff's application was denied

initially and upon reconsideration by the Social Security Administration.  Plaintiff then

requested a hearing before an administrative law judge ("ALJ"), which was held on June 22,

2012.

On August 20, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled

to benefits. The appeals council denied Plaintiff's request for review, and the decision of the

ALJ became the Commissioner's final decision.  Plaintiff has filed this action, requesting

reversal of the Commissioner's decision. For the reasons set forth below, the decision of the

Commissioner is REVERSED, and the action is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g) and whether the correct legal standards were applied. Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." Faucher v. Secretary, 17 F.3d 171, 175 (6th Cir. 1994).

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Id. at 176 (citations omitted). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on December 6, 1964, and obtained a GED. R. 18. He has past relevant work as a truck driver. R. 25. He alleges disability due to right leg nerve damage, loss of movement in his right foot, and depression beginning June 11, 2009. R. 144.

The ALJ made the following findings: (1) Plaintiff met the insured status requirements of the Act through December 31, 2014; (2) Plaintiff has not engaged in substantial gainful activity the alleged onset date; (3) Plaintiff has impairments of fracture and dislocation of the right hip, nerve damage to the right lower extremity, and depression, which meet the definition of "severe" based on the requirements of the Act, but he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff has the residual functional capacity to perform sedentary work except that he should avoid pushing and pulling, should avoid

work that requires postural maneuvers, and will need to change positions at will; (5) Plaintiff is unable to perform his past relevant work; (6) Plaintiff was a younger individual with a high school education on the alleged onset date; (7) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled whether or not he has transferable job skills; (8) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (9) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002).

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step. The ALJ found that Plaintiff could not perform his past relevant work but there are a substantial number of jobs in the national economy that he can perform.

That determination must be reversed because of the improper treatment given to the opinions of Plaintiff's treating physicians, Aaron Perdue, M.D., and Brian Thompson, M.D. It is well-established that a treating physician's opinion must be given controlling weight when it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. 20 C.F.R. 404.1527(d)(2). Even if the ALJ does not find that a treating physician's opinion is entitled to controlling weight, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." Rogers v. Commissioner, 486 F.3d 234, 242 (6th Cir. 2007).

5

If the ALJ determines that he will not give controlling weight to the opinion of a treating physician, he must provide good reasons for that decision. 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p.

This requirement is not simply a formality; it is to safeguard the claimant's procedural rights. It is intended "to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not." Wilson v. Commissioner, 378 F.3d 541, 544 (6th Cir. 2004).

The Sixth Circuit reiterated the importance of the ALJ's adhering to the required proper analysis of the opinion of a treating physician in Sawdy v. Commissioner, 436 Fed. App'x 551 (6th Cir. 2011):

> [W]hen an ALJ violates the treating-source rule, "[w]e do not hesitate to remand," and "we will continue remanding when we encounter opinions from ALJ[s] that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." Hensley v. Astrue, 573 F.3d 263, 267 (6th Cir.2009) (first alteration in original) (internal quotation marks and citation omitted).

Id. at 553-54. The court rejected the Commissioner's argument that a remand was not appropriate as "substantial evidence nonetheless supports the ALJ's decision." Id. at 554.

But this is beside the point. We "cannot excuse the denial of a mandatory procedural protection simply because ... there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely," because this "would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory."

Id. (citation omitted).

In the present case, both Dr. Perdue and Dr. Thomson opined that Plaintiff was limited to less than one hour total standing or walking in a workday. They prohibited the use of foot controls and severely limited postural activities. R. 377-78, 359-60. These restrictions would prohibit sedentary work which usually requires standing two hours per day. See 20 C.F.R. §§ 404.1567(a), 416.967(a) (2013); Social Security Ruling 96-9p (sedentary work normally involves sitting, though a "certain amount" of walking and standing are often necessary, usually considered to be two hours per day). Consultative examiner Robert Sanner, M.D., also opined that Plaintiff could stand/walk for less than two hours in a workday. R. 281-86.

The ALJ rejected these standing/walking restrictions because Plaintiff purportedly testified that he "helped his wife shop for groceries 2-3 times per week, helped with laundry, and mowed the lawn." R. 24. In actuality, Plaintiff testified that he could not bend to pick up dirty clothes and that his daughter has to put the clothes in the washing machine and then she hangs them on a clothesline, R. 42, mowing the lawn on a riding mower takes all day, it "jars" him, and he has to take breaks, R. 43, and he can only walk fifteen to twenty minutes and can stand ten to fifteen minutes. Id. He also stated that it would be painful for him to sit for six or more hours during the day and that the pain medicine he takes would

make him too drowsy to work. R. 45. It is not apparent to the court that Plaintiff's testimony

conflicts with the opinions of Dr. Perdue, Dr. Thompson, and Dr. Sanner.

Although the ALJ said that his residual functional capacity finding was consistent

with the opinions of Dr. Perdue and Dr. Thompson, R. 24, clearly it was not. The ALJ said

that he gave "some weight," R. 24, to the opinions of nonexamining reviewers John Fields,

M.D., and James Gregory, M.D., that Plaintiff could perform sedentary work, R. 335-43,

367-75. However, it appears that the ALJ improperly gave those opinions controlling

weight.[1] Consequently, a remand is necessary so that the ALJ can re-evaluate the medical

opinions in light of the factors set forth in 20 C.F.R. § 20 C.F.R. § 404.1527(c)(2)-(6).

As in Sawdy, whether "substantial evidence nonetheless supports the ALJ's decision

... is beside the point. " Id. at 554-55. Because the ALJ did not comply with the treating

source rule, substantial evidence does not support his decision, and the decision to deny

Plaintiff's application for benefits must be reversed.

Having determined that the decision must be reversed, the court must decide whether

it is appropriate to remand this case or to direct the payment of benefits. Because the record

---

[1]

As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

Gayheart v. Commissioner, 710 F.3d 365, 375 (6th Cir.2013).

does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings in order for the ALJ to conduct a proper analysis of the opinions of his treating physicians and other medical evidence and a reassessment of his credibility.

In summary, the decision of the Commissioner is REVERSED, and the action is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE